DA 12-0479

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 239N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ROBERT WHITEHEAD,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 11-351
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender; Eileen A. Larkin, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Katie F. Schulz, Assistant
Attorney General; Helena, Montana

          Scott Twito, Yellowstone County Attorney; Juli Pierce, Deputy County
Attorney; Billings, Montana

Submitted on Briefs:  July 31, 2013
Decided:  August 27, 2013

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Pursuant to a plea agreement, Robert Whitehead (Whitehead) entered a guilty plea to Assault on a Minor, a felony, while an accompanying charge of Aggravated Assault, also a felony, was dismissed.  He agreed to a five year commitment to the Department of Corrections, with no time suspended.  The charges arose out of an incident wherein Whitehead choked his six year old stepson after the stepson had snuck upstairs for a glass of water.  The choking left finger-shaped bruising on the child's neck, which Whitehead attempted to cover with powder before the child went to school the next day.  A school official noticed the marks and reported the incident.

¶3      The pre-sentence investigation report (PSI) recommended conditions of probation "[f]or any period of community supervision" and also listed financial assessments against Whitehead, including fees, charges, surcharges, counsel costs, and restitution, which it classified as "statutory" conditions that could not be waived.  After a sentencing hearing, the District Court committed Whitehead to the Department of Corrections for five years, with credit for time served, as agreed in the plea bargain agreement.  Given this

commitment, the District Court did not suspend any portion of the sentence or impose associated conditions of probation. However, the District Court listed in its judgment conditions that it "recommended" be imposed "for any period of community supervision" that Whitehead obtained. Whitehead neither objected to the recommendations made in the PSI nor objected to the recommendations made by the District Court during the sentencing hearing.

¶4     On appeal, Whitehead challenges the financial assessments set forth in the recommended conditions of the judgment, and questions whether they were merely recommended or actually imposed. He argues that the financial assessments imposed by statute can indeed be waived, contrary to the assertion of the PSI, and that his Social Security Income (SSI) cannot be subjected to legal process in order to pay for the assessments, citing *State v. Eaton*, 2004 MT 283, 323 Mont. 287, 99 P.3d 661.

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and record on appeal, we conclude that Whitehead has not demonstrated reversible error by the District Court and that the issues raised are controlled by settled law. Whitehead failed to object to the conditions he now challenges when presented in the PSI or imposed by the District Court. Further, the conditions are listed in the judgment as "recommended." We recently held that a "District Court's recommended conditions '[f]or any term of community supervision'" are considered "non-binding." *State v. Champagne*, 2013 MT 190, ¶ 52, 371 Mont. 35, ___ P.3d___.

3

¶6    Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS